*1015 OPINION OF THE COURT
Anne G. Feldman, J.
This is an action for property damage in which the facts are essentially undisputed. Defendant Station Managers owns and operates a Mobil Oil service station. On November 1, 1976, plaintiff drove his automobile into defendant’s station to purchase gasoline. While standing beside the gasoline pump, plaintiff’s car was struck and damaged by a driverless, out-of-control vehicle which had been undergoing repairs at the rear of the station, directly behind the pump.
From the testimony elicited at trial, it appears that defendant’s employee, Earl Watkins, without defendant’s knowledge or consent, had permitted two acquaintances to repair that vehicle, with the motor running and the hood open, on the premises of the station. Mr. Watkins, who sold plaintiff the gasoline, was the only employee present and was supervising the operation of the station.
To hold defendant liable for negligence, the threshold question of whether defendant owed plaintiff a duty to exercise reasonable care must be addressed. (See Palsgraf v Long Is. R. R. Co., 248 NY 339.) "In the absence of duty, there is no breach and without a breach there is no liability” (Pulka v Edelman, 40 NY2d 781, 782). This court, therefore, must first decide whether "plaintiff’s interests are entitled to legal protection against the defendant’s conduct.” (Prosser, Torts [4th ed], § 53, p 325.)
It is clear that the owner of the driverless vehicle owned a duty to plaintiff for the exercise of reasonable care in the operation of that motor vehicle. The owner of the driverless car, however, was not made a party to this action. Rather, plaintiff seeks to recover for his damages from the owner of the service station. The question becomes then whether the owner of the service station owes a duty to patrons to control the conduct of third persons on the premises of the station.
A duty to control others arises only where: "(1) '[t]he relationship between the defendant and the person who threatens the harm to the third person may be such as to require the defendant to attempt to control the other’s conduct’ or (2) 'there may be a relationship between the defendant and the person exposed to harm which requires the defendant to afford protection from certain dangers including the conduct of others’ ” (Pulka v Edelman, supra, at p 783).
*1016 If the relationship of the service station to its patrons implies a duty to protect them from dangerous acts of others, then the instant case falls within the second situation outlined by the Court of Appeals.
In Pulka a pedestrian was injured when struck by a car being driven from a parking garage by one of its patrons. A divided court found the relationship of the garage to the pedestrian too tenuous to support a finding of liability. The court stated that while it would be unfair to impose liability upon the garage for the acts of its patrons, this does not negate the obvious responsiblity of a garage for the acts of its own employees based on the principle of respondeat superior.
The principle of respondeat superior renders a master vicariously liable for the employment. (Riviello v Waldron, 47 NY2d 297.)
Defendant contends that when Earl Watkins permitted two individuals to perform their own automobile repairs in a negligent manner on the station’s premises, he acted outside the scope of his employment; therefore, respondeat superior is inapplicable. As the court noted in Riviello (supra, p 302) however, the definition of "scope of employment” has been broadened so an employer is no longer excused because his employees "exhibit human failings and perform negligently or otherwise than in an authorized manner.” Rather, the test has become "whether the act was done while the servant was doing his master’s work, no matter how irregularly, or with what disregard of instructions” (Riviello v Waldron, supra, at p 302). The answer to this question is heavily dependent on the facts of each case.
The degree of responsibility placed upon the employee is an important factor in determining the scope of employment because "[t]he master who puts the servant in a place of trust or responsibility * * * is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper * * * goes beyond the strict line of his duty or authority, and inflicts an injustifiable injury on another” (Burns v City of New York, 6 AD2d 30, 34).
Perhaps the most important factor in this case is whether the "specific act was one that the employer could reasonably have anticipated” (Riviello v Waldron, supra, at p 303). Defendant states conclusorily that the accident was unforeseeable. However, it is "not necessary that the defendant should have had notice of the particular method in *1017 which an accident would occur, if the possibility of the accident was clear to the ordinarily prudent eye” (Palsgraf v Long Is. R.R. Co., 248 NY 339, 344, supra). In other words, the employer need not foresee the exact manner of injury as long as the "general type of conduct may have been reasonably expected” (Riviello v Waldron, supra, at p 304).
Here Earl Watkins was placed in a supervisory role at the service station. There was no testimony that any other employees were even present on the station premises at the time of the accident. That Earl Watkins was in a position of controlling the premises was demonstrated by his ability to permit others to use the station facilities.
Thus, an employer could reasonably anticipate that a supervisory employee in Watkins’ position would permit his friends to use the station, and that they would do so negligently.
As is well established "[t]he doctrine of respondeat superior is grounded on firm principles of law and justice. Liability is the rule, immunity the exception.” (Bing v Thunig, 2 NY2d 656, 666.)
"The concept of responsibility in this area is an expanding one. The tendency is to place on the master the risks of all those whose faults may be regarded as incidental to the enterprise, as it should be, rather than on the innocent victim. It is what Harper and James on Torts (p. 1377) refer to as the inevitable toll of lawful enterprise.” (Burns v City of New York, supra, at p 36.)
It is appropriate that this defendant rather than plaintiff bear the risks incident to the operation of the station. Judgment for plaintiff in the amount of $1,400.